**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM EDWARD POWELL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:16-CV-2304-C-BF** |
| | ) | |
| **COMERICA BANK HEADQUARTERS,** | ) | |
| **Defendant.** | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff William E. Powell is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. He filed this complaint pursuant to 26 U.S.C. § 6103, 29 U.S.C. § 1109, and 28 U.S.C. §1331. The Court has not issued process pending judicial screening.

Plaintiff sues Defendant Comerica Bank Headquarters alleging that Defendant has unlawfully failed to produce certain tax and estates documents related to estate of his father, Andrew Powell. Plaintiff states Defendant acted as a trustee for his father Andrew Powell's estate and his grandfather William A. Powell's estate.

Plaintiff seeks an order that Defendant search for any and all records responsive to his requests, that Defendant produce all tax records responsive to his request, and he seeks an injunction to prevent Defendant from withholding any documents responsive to his request.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

Plaintiff claims Defendant is required to produce the tax and estate documents under 26 U.S.C. § 6103. Section 6103, however, prohibits disclosure of tax return information by certain individuals. It does not compel the release of tax return information. Section 6103 provides as follows:

> Returns and return information shall be confidential, and except as authorized by this title –
>
> (1)     no officer or employee of the United States,
>
> (2)     no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(1)(C) or (7)(A), any local child support

enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and

(3)     no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), subsection (k)(10), paragraph (6), (10), (12), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

26 U.S.C. § 6103(a) (West 2016).  Plaintiff has failed to show that Defendant's failure to produce the requested documents violates § 6103.  His claims should be dismissed.

Plaintiff also claims he is entitled to relief pursuant to 29 U.S.C. § 1109.  That section addresses breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA").  The complaint contains no facts showing that ERISA applies to Plaintiff's claim for documents in this case.  Plaintiff's claims under ERISA should be dismissed.

IV.

The Court recommends that Plaintiffs' complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed this 22nd  day of September,  2016.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page -3-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).